IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| UNITED STATES OF AMERICA, | ) | CRIM. NO. 13-00573 SOM |
|---|---|---|
| Plaintiff, | ) | ORDER DENYING MOTION TO SUPPRESS |
| vs. | ) | |
| XANYA SOFRA-WEISS, | ) | |
| Defendant. | ) | |

**ORDER DENYING MOTION TO SUPPRESS**

I.       **INTRODUCTION.**

Defendant Xanya Sofra-Weiss moves to suppress all evidence and property seized on February 29, 2012, from her personal residence, and from the business offices of "Ion Genius LLC." Sofra-Weiss contends that, in issuing the relevant search warrants, Magistrate Judge Kevin Chang relied on an affidavit unsupported by probable cause. Because Sofra-Weiss fails to demonstrate that probable cause was lacking, this court denies her motion to suppress.

II.       **FACTUAL BACKGROUND.**

According to the Government, Sofra-Weiss operated businesses that marketed devices that were allegedly effective in various exercise, cosmetic, and medical routines.

On February 27, 2012, Special Agent John Liam Gimon with the U.S. Food and Drug Administration ("FDA") submitted an affidavit in support of an application for warrants to search 7192 Kalanianaole Highway, Suite D204A, Honolulu, Hawaii 96825,

Sofra-Weiss's business address, and a residence on Moaniala Street in Honolulu that was Sofra-Weiss's residence (collectively, the "Premises").  ECF. No. 64-4, PageID # 787-816.

According to the affidavit, Special Agent Gimon believed that the Premises contained fruits, instrumentalities, and evidence of: (1) wire fraud, in violation of 18 U.S.C. § 1343; (2) mail fraud, in violation of 18 U.S.C. § 1341; (3) smuggling, in violation of 18 U.S.C. § 545; (4) the introduction or delivery for introduction into interstate commerce of a misbranded and adulterated medical device, in violation of 21 U.S.C. § 331(a); (5) the receipt in interstate commerce of a misbranded and adulterated medical device, and the delivery or proffered delivery thereof, in violation of 21 U.S.C. § 331(c); (6) false statements, in violation of 18 U.S.C. § 1001; and (7) money laundering, in violation of 18 U.S.C. § 1956.  Id., PageID # 788.

The affidavit detailed actions by the FDA relating to Sofra-Weiss.  For example, the affidavit described a "Warning Letter" sent to Sofra-Weiss by the FDA concerning statements made on her businesses' website.  The website subsequently stopped including those statements, but they later reappeared.  The statements allegedly claimed that some of the devices advertised were a new treatment for obesity and that the treatment would prevent numerous medical conditions.  Id., PageID # 795-97.  Also

contained in the affidavit was a description of the affiant's experience posing as a potential customer. The affiant reported having been told that certain devices would increase muscle mass, decrease subcutaneous fat, balance insulin levels, detoxify blood, and remove wrinkles. Id., PageID # 803.

Magistrate Judge Chang issued the search warrants for the Premises on February 27, 2012. ECF No. 64, PageID # 733. The search warrants were executed on February 29, 2012. Id.

In her motion to suppress, Sofra-Weiss argues that the affidavit fails to establish probable cause because: (1) the affidavit fails to describe any criminal activity; and (2) the affidavit offers no factual basis justifying a search of Sofra-Weiss's residence. ECF No. 64.

Sofra-Weiss's motion to suppress also requests an evidentiary hearing pursuant to Franks v. Delaware, 438 U.S. 154 (1978), based on various alleged deficiencies in the affidavit. The court denied Sofra-Weiss's request for a Franks hearing on June 12, 2014. See ECF No. 70.

**III.     STANDARD.**

In determining whether probable cause exists to support a search warrant, a magistrate judge should consider the "totality of the circumstances." Illinois v. Gates, 462 U.S. 213, 238 (1983). "Because probable cause is a fluid concept not readily, or even usefully, reduced to a neat set of legal rules,

3

the task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him . . . there is a fair probability that contraband or evidence of a crime will be found in a particular place." United States v. Stanert, 762 F.2d 775, 778-79 (9th Cir. 1985) (brackets and citation omitted).

A magistrate judge's decision regarding probable cause is afforded "great deference" by a reviewing court. Gates, 462 U.S. at 236. "[T]he duty of a reviewing court is simply to ensure that the magistrate had a substantial basis for . . . concluding that probable cause existed." Id. at 238-39 (internal quotation marks, citation and brackets omitted). A magistrate judge's determination may only be overturned on the basis of "clear error," and "[i]n doubtful cases, the reviewing court should give preference to the validity of the warrant." United States v. Tan Duc Nguyen, 673 F.3d 1259, 1263 (9th Cir. 2012); United States v. Calabrese, 825 F.2d 1342, 1349 (9th Cir. 1987).

**IV.  ANALYSIS.**

    **A.  Corroboration of Information Provided By Ken Simon.**

Sofra-Weiss argues that the affidavit fails to reflect any effort by investigators to verify or corroborate the information provided by Ken Simon, an informant previously employed by Sofra-Weiss, and that this failure undermines Magistrate Judge Chang's probable cause determination. ECF No.

4

64, PageID # 755.

Although corroboration of an informant's information certainly bolsters a court's reliance on it when the court is examining a warrant application for probable cause, corroboration is not strictly required before a judge credits information. Under Gates, there is no longer a rigidly applied test for determining probable cause, and an informant's "basis of knowledge" and "veracity" may be considered in a practical and common-sense manner. See United States v. Bishop, 264 F.3d 919, 924-25 (9th Cir. 2001); United States v. Miller, 753 F.2d 1475, 1479 (9th Cir. 1985). With such an approach, "a deficiency in one [area] may be compensated for, in determining the overall reliability of a tip, by a strong showing as to the other, or by some other indicia of reliability." Stanert, 762 F.2d at 779 (internal quotation marks and citation omitted).

Any lack of corroboration of Simon's information in the affidavit is not fatal to the probable cause determination. Simon's information could be credited given his "basis of knowledge." Simon is identified in the affidavit as someone who once worked for Sofra-Weiss; in that capacity, he could reasonably be expected to have personal, intimate knowledge about Sofra-Weiss's business practices. Such circumstances justify reliance on Simon's information in finding probable cause. See, e.g., Miller, 753 F.2d at 1480 (9th Cir. 1985).

5

### B. Failure to Describe Criminal Activity.

Sofra-Weiss contends that the affidavit fails to allege facts establishing probable cause that any criminal activity had occurred at all. ECF No. 64, PageID # 760. This argument is without merit.

The court notes that Sofra-Weiss appears to draw attention to the incorrect inquiry. In determining whether probable cause exists to support a search warrant, a magistrate judge looks to whether "there is a fair probability that contraband or evidence of a crime will be found in a particular place." Tan Duc Nguyen, 673 F.3d at 1263 (internal quotation marks and citation omitted). Thus, a probable cause determination requires only "a fair probability that a crime has been committed," rather than "an actual showing of such activity." Id. at 1264 (internal quotation marks and citation omitted).

Sofra-Weiss's motion treats the obligations that an applicant for a search warrant has with respect to criminal activity like pleading requirements; that is, Sofra-Weiss suggests that an affidavit must contain all the facts necessary to establish a violation at trial. But all that is required is a "fair probability" of criminal activity, which can be found even without allegations supporting each element of a crime. See generally United States v. Ventresca, 380 U.S. 102, 108 (1965)

6

("[A]ffidavits for search warrants . . . must be tested and interpreted by magistrates and courts in a commonsense and realistic fashion. They are normally drafted by nonlawyers in the midst and haste of a criminal investigation. Technical requirements of elaborate specificity once exacted under common law pleadings have no proper place in this area.").

For example, the affidavit's failure to include the date of the shipment document associated with Sofra-Weiss's business, as well as the specific product to which it related, does not undermine the probable cause determination. See ECF No. 64, PageID # 765. While this information may be necessary at trial, it is not necessary to show a fair probability of smuggling in violation of 18 U.S.C. § 545, given the information on the shipping document that is provided and other information contained in the affidavit, including the material supplied by Ken Simon.

With respect to each of the criminal offenses cited in Sofra-Weiss's motion, the affidavit contains sufficient information from which Magistrate Judge Chang could conclude that there was a fair probability that the offenses had been committed. The affidavit includes information regarding Sofra-Weiss's claims on her website, distribution of her products within the United States, the FDA's investigation, and other practices by Sofra-Weiss. The probable cause determination is

entitled to great deference.  The relevant inquiry is whether a fair probability of criminal activity exists, not whether an affiant has stated or proved each element or incremental step necessary to find criminal activity at trial.

This principle applies to Sofra-Weiss's contention that the affidavit fails to show that Sofra-Weiss's products were "medical devices" within the coverage of the Federal Food, Drug, and Cosmetic Act.  The information contained in the affidavit regarding the FDA's investigation and dealings with Sofra-Weiss, together with the affidavit's description of the claims made on Sofra-Weiss's website, raised a "fair probability" that criminal activity had occurred or was occurring, and Sofra-Weiss fails to produce any authority to the contrary.

Thus, Sofra-Weiss's argument that the affidavit fails to establish probable cause of criminal activity, and the surrounding discussion of various specific criminal offenses, is unpersuasive.  Magistrate Judge Chang had a substantial basis for concluding that a fair probability of criminal activity existed.

**C. Search of Sofra-Weiss's Residence.**

Sofra-Weiss also challenges the search of her residence, arguing that: (1) the address of her residence is not mentioned in the probable cause section of the affidavit; (2) the affidavit fails to establish that the Moaniala Street address is her residence address; and (3) the information provided

concerning her residence is too stale to justify issuance of the search warrant. ECF No. 64, PageID # 770-75. According to Sofra-Weiss, these alleged deficiencies undermine the probable cause determination with respect to the search of her home. Id. The court is unpersuaded.

Paragraph 2b of the affidavit lists the Moaniala Street address followed by a parenthetical: "(the 'Residence')." Later references to a "residence" in the affidavit clearly refer to the same address. The affidavit does not explicitly state whose residence is at that address, but Sofra-Weiss is the clear target of the application. Thus, the affidavit can only be read as connecting the "residence" to Sofra-Weiss.

No explicit statement that the Moaniala Street address is Sofra-Weiss's residence was required. See, e.g., United States v. Hunter, 86 F.3d 679, 682 (7th Cir. 1996) ("The affidavit referred four times to Hunter's residence . . . Although Hunter correctly notes that the affidavit did not explicitly state that 510 Palace Court was his residence, that is the only logical conclusion supported by a common-sense reading of the affidavit."). It was also reasonable for Magistrate Judge Chang to infer that the FDA investigation had linked the Moaniala Street address to Sofra-Weiss. The affidavit's failure to specifically explain how the Moaniala Street address was determined to be Sofra-Weiss's residence does not jeopardize the

9

probable cause determination.  See United States v. Baldwin, 987 F.2d 1432, 1436 (9th Cir. 1993) ("The affiant's failure to delineate how he discovered the location of Baldwin's residence does not render clearly erroneous the probable cause determination.").

Sofra-Weiss's argument that the affidavit's information regarding her residence is too stale to justify a search warrant also fails.  Sofra-Weiss contends that the information provided by Ken Simon regarding Sofra-Weiss' alleged transfer of files and devices from her business offices to her residence is stale because it dates from approximately seven months earlier.  However, it is well established that "[t]he mere lapse of substantial amounts of time is not controlling in a question of staleness."  United States v. Dozier, 844 F.2d 701, 707 (9th Cir. 1988); see also United States v. Biswell, 35 F. App'x 577, 579 (9th Cir. 2002) ("[T]he mere passage of time does not negate probable cause.").  Instead, "[s]taleness must be evaluated in light of the particular facts of the case and the nature of the criminal activity and property sought."  United States v. Greany, 929 F.2d 523, 525 (9th Cir. 1991).

In the present case, the nature of the criminal activity has a significant effect on the staleness analysis.  Sofra-Weiss was suspected of distributing medical devices in violation of the federal Food, Drug, and Cosmetic Act in what

10

could be characterized, based on the information in the affidavit, as an ongoing operation. When the evidence sought "is of an ongoing criminal business of a necessarily long-term nature . . . greater lapses of time are permitted if the evidence in the affidavit shows the probable existence of the activity at an earlier time." Id.; see also Dozier, 844 F.2d at 707 ("Another important factor is the ongoing nature of a crime [which] might lead to the maintenance of tools of the trade.").

The information provided by Ken Simon concerning Sofra-Weiss's alleged removal of files and devices from her business to her residence shows the probable existence of evidence of her alleged crimes at an earlier time. According to Simon, Sofra-Weiss wanted to ensure that the files and devices were secure after she learned of an upcoming FDA investigation. She allegedly first put the items in her car, then moved them to her residence. The ongoing nature of Sofra-Weiss's alleged operation permits valid consideration of a more generous time line of information than might otherwise be appropriate. The affidavit's information regarding Sofra-Weiss's residence is not stale, and supports a fair probability that contraband or evidence of a crime would be found at that location.

**V.      CONCLUSION.**

For the foregoing reasons, the court denies Sofra-Weiss's motion to suppress.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, July 22, 2014.



/s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge

United States of America v. Xanya Sofra-Weiss, Crim. No. 13-00573 SOM; ORDER DENYING MOTION TO SUPPRESS